WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francee Gulinson, a married woman,<br><br>Plaintiff,<br><br>v.<br><br>Bank of America, NA, an Arizona corporation,<br><br>Defendant. | No. CV 12-495-PHX-JAT<br><br>**ORDER** |

Pending before the Court are: (1) Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 8), (2) Plaintiff's Motion to Remand (Doc. 10), and (3) Plaintiff's Motion to Amend Complaint (Doc. 11). The Court now rules on these Motions.[1]

**I.     BACKGROUND**

Defendant removed this case to this Court after Plaintiff filed a Second Amended Complaint in Maricopa County Superior Court. In that Complaint, under Count III, entitled "Invasion of Privacy by Reason of Undue Harassment," Plaintiff alleged that "BofA has harassed Plaintiff by use of the telephone in violation of 15 U.S.C.§ 1692(D)(5) and (6) and § 1692(e)(11)." (Doc. 1-1 at 82). This section of the U.S. Code is part of the Fair Debt Collection Practices Act. Based on this allegation in Plaintiff's

---
[1] Because the issues have been fully briefed, the Court denies the request for oral argument as it would not aid the Court's decisional process. *See* Fed.R.Civ.P. 78; *Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.,* 933 F.2d 724, 729 (9th Cir.1991).

Second Amended Complaint, Defendant removed this case.

Thereafter, Defendant filed a Motion to Dismiss the Second Amended Complaint. Plaintiff then filed a Motion to Remand, arguing that she never intended to assert federal claims under the Fair Debt Collection Practices Act. Plaintiff then filed a Motion to Amend her Complaint and attached her proposed Third Amended Complaint. In her proposed Third Amended Complaint, Plaintiff has abandoned her Fair Debt Collection Practices Act claims. (Doc. 11-4). Defendant agrees that there are no federal claims contained in the proposed Third Amended Complaint, but argues that the Court should deny Plaintiff leave to amend because she has failed to state a claim upon which relief can be granted for invasion of privacy and, thus, allowing amendment would be futile.

## II.  MOTION TO AMEND

While the decision to grant or deny a motion to amend is within the discretion of the district court, it is necessary for the Court to heed Rule 15(a)'s mandate that "leave to amend 'shall be freely given when justice so requires.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal citation omitted). "In exercising its discretion with regard to the amendment of the pleadings, 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). This "policy of favoring amendments to pleadings should be applied with extreme liberality." *Id.* (quoting *Webb*, 655 F.2d at 979).

A Court must consider the following factors in determining whether a motion to amend should be granted: (1) whether the pleading at issue has been previously amended, (2) futility of the amendment, (3) bad faith, (4) undue delay, and (5) prejudice to the opposing party. *Foman*, 371 U.S. at 182; *see also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991); *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)

(citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). "Significantly, '[t]he party opposing amendments bears the burden of showing prejudice,' futility, or one of the other permissible reasons for denying a motion to amend." *Farina v. Compuware Corp.*, 256 F. Supp. 2d 1033, 1060 (D. Ariz. 2003) (quoting *DCD Programs*, 833 F.2d at 187).

In this case, Defendant makes no arguments regarding previous amendments, bad faith, undue delay, or prejudice. Thus, the Court will only consider whether granting leave to amend would be futile.

### A.   Futility

A proposed amendment is futile when no set of facts can be proven under the amendment that would establish a valid and sufficient claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *see also DCD Programs*, 833 F.2d at 186 (stating that an amendment should be liberally granted where from the underlying facts or circumstances, the moving party may be able to state a claim). Here, Plaintiff seeks to state a claim for invasion of privacy. Under Arizona law,

> [w]hen unreasonable action . . . is taken, which foreseeably will probably result in extreme mental anguish, embarrassment, humiliation or mental suffering and injury to a person possessed of ordinary sensibilities, under the same or similar circumstances, then such conduct falls within the forbidden area and a claim for invasion of privacy may be asserted.

*Fernandez v. United Acceptance Corp.*, 610 P.2d 461, 463 (Ariz.Ct. App. 1980). While the allegations in the Complaint are sparse, the Court cannot say that no set of facts could be proven under the amendment that would establish a valid, sufficient claim. Accordingly, Plaintiff's Motion to Amend is granted.

Further, even if Defendant's assertion that "Plaintiff's proposed amendments are a purposeful effort to avoid federal jurisdiction tantamount to forum shopping," (Doc. 19 at 1), is true, such alleged forum shopping does not come without a price, because by voluntarily abandoning her federal claims, Plaintiff has agreed that this Court can dismiss

such claims with prejudice. *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1093 (9th Cir. 2011) ("a plaintiff may voluntarily abandon a claim even though his decision may affect the jurisdiction of federal court; after all, the claim he abandons-once dismissed with prejudice-is the price he pays.") Accordingly, Plaintiff's claims for violations of the Fair Debt Collection Practices Act are dismissed with prejudice.

### III. MOTION TO REMAND

Because the only claims remaining in Plaintiff's Third Amended Complaint are based on state claims, the Court declines to exercise jurisdiction over those claims. *See* 28 U.S.C. §1367(c)(3); *Pitts*, 653 F.3d at 1094.

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 8) is granted as follows:

Plaintiff's claims regarding violations of the Fair Debt Collection Practices Act are dismissed with prejudice. All other claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Amend Complaint (Doc. 11) is granted. Plaintiff shall file her Third Amended Complaint, currently lodged at Doc. 11-4 within five days of the date of this Order.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Remand (Doc. 10) is granted. After Plaintiff files her Third Amended Complaint (within five days of the date of this Order), the Clerk of the Court shall remand this action to Maricopa County Superior Court.

Dated this 7th day of May, 2012.

James A. Teilborg
United States District Judge